[848 NYS2d 252]

In the Matter of Jill R. Epstein, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, December 11, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of the State of New Jersey dated September 19, 2006, the respondent was censured for violating New Jersey Rules of Professional Conduct (RPC) rule 1.3 (lack of diligence), rule 1.4 (a) (failure to communicate with client), rule 1.15 (b) (failure to promptly deliver funds to client) and (d) (failure to comply with New Jersey Rules of Court rule 1:21-6 [recordkeeping deficiencies]), and rule 8.1 (b) (failure to cooperate with disciplinary authorities).

The New Jersey Disciplinary Review Board (hereinafter the DRB), by decision dated August 15, 2006, had recommended the censure to the Supreme Court of the State of New Jersey. The matter came before the DRB on a certification of default filed by the Office of Attorney Ethics (hereinafter the OAE). The respondent has been on the ineligible list of New Jersey lawyers since September 15, 2003, for failure to pay the annual assessment to the New Jersey Lawyers' Fund for Client Protection. The OAE sent the complaint to the respondent, via regular and certified mail, to the Brooklyn address she had provided during the course of its investigation. The receipt was returned with an illegible signature but the letter sent via regular mail was not returned.

The OAE sent the respondent a second letter, dated November 2, 2005, again via regular and certified mail, directing her to answer within five days or the record would be certified to the DRB for the imposition of a sanction. Although the certified letter was returned unclaimed, the letter sent via regular mail was not returned. On February 24, 2006, and March 24, 2006, the OAE sent letters to the respondent at the Old Bridge, New Jersey address that she had listed with the New Jersey Lawyers' Fund for Client Protection. Both green cards were returned with illegible signatures. The letters sent via regular mail were not returned.

Inasmuch as the respondent never filed an answer to the complaint, the OAE certified the matter as a default on April 6, 2006.

The first count of the complaint charged the respondent with lack of diligence, failure to communicate with a client, and failure to promptly deliver funds to a client emanating from her representation of Paul Herrmann in the purchase of a home. On March 25, 2003, a $3,000 settlement was placed in escrow with the respondent pending resolution of a dispute with the

seller over a pool inspection. The respondent failed to respond to attempts by his client to contact him to assist in resolving the dispute. The parties settled the suit on December 5, 2003, with $1,900 released to the seller and $1,100 to Herrmann. On multiple occasions after the settlement, Herrmann called the respondent to obtain release of the escrowed funds. Although he faxed the settlement agreement to the respondent on October 15, 2004, the respondent did not disburse the escrowed funds to Mr. Herrmann until March 2005.

The second count emanated from the OAE's demand audit of the respondent's trust and business account records on November 30, 2004. The audit revealed that the respondent failed to maintain trust account receipts and disbursements books, failed to keep a running cash balance in the trust account book, failed to keep client trust ledger sheets, and failed to prepare a schedule of clients' ledger accounts and reconcile it to the bank account statement. In 14 matters, the respondent failed to disburse promptly nearly $15,000 to clients and third parties.

The third count charged the respondent with failing to cooperate with disciplinary authorities on various dates between December 23, 2003, and August 31, 2005, including her failures to reply to the complaint, to return several calls of two deputy ethics counsel and a disciplinary investigator, and to reply completely to the OAE's December 14, 2004, letter within the time prescribed.

The DRB generally imposes reprimands upon attorneys who are guilty of gross neglect, lack of diligence, failure to communicate with clients, failure to promptly deliver funds, and record keeping violations. However, in view of the respondent's default, the discipline was enhanced to reflect a failure to cooperate with disciplinary authorities as an aggravating factor. Accordingly, the DRB's recommendation of a censure was adopted and imposed by the Supreme Court of the State of New Jersey.

Although the Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3 on July 17, 2007, the respondent has neither asserted any of the enumerated defenses nor demanded a hearing in this matter (see 22 NYCRR 691.3 [c]). Accordingly, there is no impediment to the imposition of discipline at this juncture.

Based on the findings of the New Jersey disciplinary authorities, reciprocal discipline is imposed on the respondent pursuant

334

to the Grievance Committee's notice pursuant to 22 NYCRR 691.3, and she is publicly censured for her professional misconduct.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Jill R. Epstein, is publicly censured for her professional misconduct.